... 

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| TOMMY EARL JONES, | ) | |
| | ) | |
| Petitioner, | ) | No. CV-04-5102-AAM |
| | ) | |
| v. | ) | **ORDER DISMISSING** |
| | ) | **FIRST AMENDED** |
| | ) | **PETITION FOR WRIT** |
| | ) | **OF HABEAS CORPUS** |
| RICHARD MORGAN, | ) | |
| | ) | |
| Respondent. | ) | |

**BEFORE THE COURT** is petitioner's First Amended Petition For Writ Of Habeas Corpus (Ct. Rec. 4).

In an "Order Re Petition For Writ Of Habeas Corpus" filed May 17, 2005 (Ct. Rec. 10), this court stayed determination of the timeliness of petitioner's First Amended Petition pending ruling by the U.S. Supreme Court in *Mayle v. Felix*. The Supreme Court issued its decision on June 23, 2005 (2005 WL 1469153), reversing the Ninth Circuit Court of Appeals and holding that an amended habeas petition does not relate back and avoid the one year time limit of the Antiterrorism and Effective Death Penalty Act (AEDPA) when its asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading.

In *Felix*, the Court stated that Fed. R. Civ. P. 15(c)(2) "relaxes, but does not obliterate,

**ORDER DISMISSING FIRST AMENDED**
**PETITION FOR WRIT OF HABEAS CORPUS- 1**

the statute of limitations; hence relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id*. at *9. The petitioner in *Felix*, rather than basing his habeas petition and his amended habeas petition on a single occurrence, "targeted separate episodes," those being "the pretrial police interrogation of witness Williams in his original petition" and "his own interrogation at a different time and place in his amended petition." *Id*. at *10.

It is clear to this court, after reviewing petitioner's original and amended petitions that they too "target separate episodes," separated in time and type. The original petition (Ct. Rec. 2) alleged three grounds for relief which pertain to alleged ineffective assistance of counsel in failing to substitute counsel prior to trial and in failing to interview alibi witnesses prior to trial, as well as an alleged violation of due process because of the trial court's failure to substitute counsel prior to the commencement of trial. In contrast, the First Amended Petition (Ct. Rec. 4) makes no mention of the aforementioned grounds for relief, but alleges new grounds for relief pertaining to jury instructions given at trial and the trial judge's failure to grant a motion for new trial. In this court's November 29, 2004 "Order To Amend Petition," petitioner was specifically advised that [THE] AMENDED PETITION WILL OPERATE AS A COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE PRESENT PETITION. (Ct. Rec. 3 at p. 6).

Because petitioner's First Amended Petition does not relate back to the original petition, it is untimely. As discussed in the court's previous order, 391 days elapsed from January 6, 2003 until January 10, 2005 when petitioner signed his First Amended Petition. (Ct. Rec. 10 at pp. 3-4). That is in excess of the AEDPA's one year limitation period for 28 U.S.C. §2254 petitions. Accordingly, petitioner's First Amended Petition (Ct. Rec. 4) is **DISMISSED with prejudice**.

//

**//**

**//**

**ORDER DISMISSING FIRST AMENDED
PETITION FOR WRIT OF HABEAS CORPUS- 2**

1   **IT IS SO ORDERED.**  The District Executive shall enter judgment accordingly and
2   forward copies of this order to petitioner and to counsel for respondent.
3       **DATED** this   28th    of June, 2005.

            s/ Alan A. McDonald
             ALAN A. McDONALD
           Senior United States District Judge

**ORDER DISMISSING FIRST AMENDED**
**PETITION FOR WRIT OF HABEAS CORPUS- 3**